\*\*Original filed 8/31/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>    Plaintiff,<br><br>  vs.<br><br>TWELVE JURORS,<br><br>    Defendants. | No. C 06-2983 JF (PR)<br><br>ORDER OF DISMISSAL; DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT; NO FILING FEE IS DUE<br><br>(Docket No. 3) |

Plaintiff, a state prisoner proceeding pro se and frequent litigant in this Court, filed a civil rights action pursuant to 42 U.S.C. § 1983 against the twelve jurors in his 1999 Alameda Superior Court criminal trial. Plaintiff also seeks leave to proceed in forma pauperis.[1] Plaintiff alleges claims of conspiracy, discrimination, intimidation,

---

[1] The Court notes that Plaintiff has had three or more prior prisoner actions dismissed by the Court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. See, e.g., Hardaway v. Beaupre, et al., C 00-4603 CAL (dismissed March 7, 2001); Hardaway v. Vens, C 00-3653 CAL (dismissed November 28, 2000); Hardaway v. Madigan, C 98-1989 FMS (dismissed May 19, 1998); Hardaway v. Prenate, et al., C 97-451 FMS (dismissed February 12, 1997); Hardaway v. Department of Corrections, C 97-311 FMS (dismissed February 5, 1997); Hardaway v. Board of Prison Terms, C 91-658 CAL (dismissed March 27, 1991). Because Plaintiff has had three or more summary dismissals and does not allege in the instant action that he is under imminent danger of serious physical injury, he may not proceed in forma pauperis. However, the Court dismisses the instant complaint on the merits.

Order of Dismissal; Denying Motion to Proceed in Forma Pauperis as Moot; No Filing Fee Is Due
P:pro-se\sj.jf\cr.06\Hardaway983dis

retaliation, false imprisonment, slavery and cruel and unusual punishment against the Defendants. Plaintiff seeks compensatory and punitive monetary damages. The Court concludes Plaintiff's complaint is not cognizable under § 1983 and will DISMISS the complaint without prejudice. Based upon the dismissal, Plaintiff's motion to proceed in forma pauperis (docket no. 3) is DENIED as moot.

## DISCUSSION

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

1  invalidated. Id. at 487. If success in the § 1983 suit would necessarily demonstrate the
2  invalidity of the confinement or its duration, the § 1983 suit is barred no matter the relief
3  sought (damages or equitable relief) and no matter the target of the suit (conduct leading
4  to conviction or internal prison proceedings). Wilkinson v. Dotson, 544 U.S. 74, 81
5  (2005); Osborne v. District Attorney's Office, 423 F.3d 1050, 1053 (9th Cir. 2005).

6       Heck generally bars claims challenging the validity of an arrest, prosecution or
7  conviction. See Guerrero v. Gates, 357 F.3d 911, 918 (9th Cir. 2004) (Heck barred
8  plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police
9  officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d
10 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims
11 until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)
12 (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and
13 brought unfounded criminal charges against him).

14      Heck makes it clear that a § 1983 "cause of action for damages attributable to an
15 unconstitutional conviction or sentence does not accrue until the conviction or sentence
16 has been invalidated." Id. at 489-90 (footnote omitted). Any such claim is not cognizable
17 and therefore should be dismissed. Edwards v. Balisok, 520 U.S. 641, 649 (1997);
18 Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by Heck
19 may be dismissed sua sponte without prejudice under 28 U.S.C. §1915). To whatever
20 extent Plaintiff seeks to challenge either the fact or duration of his confinement, his sole
21 remedy is to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 after
22 exhausting state judicial remedies. See Calderon v Ashmus, 523 U.S. 740, 747 (1998).
23 Any such claim therefore is dismissed without prejudice. See Trimble v City of Santa
24 Rosa, 49 F.3d at 586.

25      Here, Plaintiff alleges that the Defendants convicted an innocent man. Plaintiff
26 alleges claims of racial discrimination, false imprisonment, conspiracy, and cruel and
27 unusual punishment, among others. Accordingly, Plaintiff's complaint is not cognizable
28 under § 1983.

Order of Dismissal; Denying Motion to Proceed in Forma Pauperis as Moot; No Filing Fee Is Due
P:pro-se\sj.jf\cr.06\Hardaway983dis

1  The instant complaint is DISMISSED without prejudice to Plaintiff refiling a new
2  complaint if his criminal conviction is later invalidated or overturned.

## CONCLUSION

The Court concludes Plaintiff's claim is not cognizable under § 1983. The instant complaint is DISMISSED without prejudice. Plaintiff's motion to proceed in forma pauperis (docket no. 3) is DENIED as moot. No filing fee is due. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: __8/31/06__    /S/ _____
                     JEREMY FOGEL
                     United States District Judge

Order of Dismissal
P:pro-se\sj.jf\cr.05\Hardaway729dis

A copy of this ruling was mailed to the following:

Sonny Ray Hardaway
P-45579
North Kern State Prison
P.O. Box 5102
Delano, CA  95531

Order of Dismissal
P:pro-se\sj.jf\cr.05\Hardaway729dis